[Cite as *State v. Palmer*, 2026-Ohio-2781.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
ASHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 26-COA-014 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Ashland County, Case No. 22-CRI-217 |
| AHMED PALMER, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment: July 20, 2026 |

BEFORE: William B. Hoffman, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Christopher R. Tunnell (Ashland County Prosecuting Attorney) and James B. Reese III (Assistant Prosecuting Attorney), Ashland, Ohio, for Plaintiff-Appellee; Ahmed Palmer, London, Ohio, briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

{¶1}  Defendant Ahmed Palmer appeals from the trial court's denial of his petition for post-conviction relief.  He argues, as he did in his direct appeal, that he was denied a speedy trial and that his trial lawyer was ineffective for not seeking the dismissal, on speedy-trial grounds, of the criminal charges that he faced in the case.  The first of those claims is barred by the doctrine of claim preclusion.  The second is one that we invited Palmer to bring in a post-conviction petition, and we therefore reach it now.  Yet because he has offered nothing beyond the arguments he made before, that ineffective-assistance argument fails too.  We affirm the trial court's judgment.

**The Key Facts**

{¶2}  We described the facts underlying Palmer's convictions in our decision resolving his direct appeal, *State v. Palmer*, 2025-Ohio-4612 (5th Dist.), so we need not repeat

those facts here. Suffice to say, 643 days passed between Palmer's arrest on several felony drug charges and his change of plea, and he is now serving a lengthy prison term in the case.

{¶3} In his direct appeal, Palmer raised three assignments of error: that the trial court should have granted his motion to suppress, that he was denied a speedy trial, and that his lawyer was ineffective for failing to move to dismiss the case on speedy-trial grounds. We rejected the suppression claim on the merits. *Id.* at ¶ 15. We held that Palmer had forfeited his speedy-trial claim because he never raised it in the trial court. *Id.* at ¶ 16. And we declined to reach his ineffective-assistance claim, explaining that a direct appeal was not the proper place to resolve it and that Palmer "remain[ed] free to raise his ineffective-assistance claim in a post-conviction petition in the trial court." *Id.* at ¶ 18.

{¶4} Palmer pursued that latter suggestion by filing in the trial court a post-conviction petition under R.C. 2953.21 several months ago. In his petition, he again pressed both his speedy-trial claim and the ineffective-assistance claim. He attached no affidavits and no evidence outside the existing record.

{¶5} The trial court denied Palmer's petition, finding that nearly all of the delay in the case was attributable to Palmer himself — through defense continuances, suppression litigation, and competency proceedings — and that because a speedy-trial motion would have been meritless, counsel was not ineffective for declining to file one. Palmer now appeals.

**Palmer's Speedy-Trial Claim is Barred by Claim Preclusion**

{¶6} Palmer again tries to persuade us that the trial court violated his constitutional right to a speedy trial by letting his case sit for 643 days.

{¶7} Under the doctrine of res judicata or claim preclusion, "a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal

from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised" in the trial court. *State v. Lawless*, 2026-Ohio-2071, ¶ 17 (5th Dist.), citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. And a trial court may dismiss a post-conviction petition on claim-preclusion grounds where the issue was or should have been raised on direct appeal. *State v. Brown*, 2025-Ohio-668, ¶ 11 (5th Dist.).

{¶8} We have applied the claim-preclusion doctrine to speedy-trial claims specifically. *See State v. Hertel*, 2018-Ohio-5002, ¶ 22 (5th Dist.) (a defendant who "raised issues relating to the speedy trial issue" in a prior appeal to this court was "barred by the doctrine of res judicata from raising them again now"); *State v. Dotson*, 1993 Ohio App. LEXIS 3431, *2 (5th Dist. June 30, 1993) (where an appellant's speedy-trial assignment of error had been overruled on direct appeal, the issue "is barred by res judicata from litigation in a post-conviction proceeding").

{¶9} Palmer raised his speedy-trial claim in his direct appeal, and we overruled it. *Palmer*, 2025-Ohio-4612, at ¶ 16. He raises the identical claim now, and he identifies no reason why we should revisit our earlier decision on it. His speedy-trial claim is barred by claim preclusion.

**Palmer Offers No Showing That His Trial Lawyer Was Ineffective**

{¶10} In his second assignment of error, Palmer argues that his trial lawyer was ineffective for failing to move to dismiss the case on speedy-trial grounds.

{¶11} We do not treat this claim as barred. When we decided Palmer's direct appeal, we expressly declined to reach the merits of his ineffective-assistance claim and told him that a post-conviction petition was the proper vehicle for it. *Id.* at ¶ 17-18. We therefore reach the

merits, as did the trial court. But reaching the merits and prevailing on them are different things, and Palmer's claim is not a winner.

{¶12} In reviewing the denial of a post-conviction petition without a hearing, we apply a manifest-weight standard to the trial court's factual findings and review its legal conclusions de novo. *State v. Davison*, 2023-Ohio-599, ¶ 23 (5th Dist.).

{¶13} To establish ineffective assistance, Palmer must show both that his lawyer's performance fell below an objective standard of reasonable representation and that he was prejudiced by that deficient performance. *See State v. King*, 2024-Ohio-5469, ¶ 18-20 (5th Dist.). A failure on either prong defeats the claim. And where the claim rests on counsel's failure to file a particular motion, the defendant "must show that the motion had a reasonable probability of success." *State v. Boddie*, 2011-Ohio-3309, ¶ 10 (10th Dist.).

{¶14} Our point in sending Palmer back to the trial court was to give him an opportunity to develop a record on the disputed tolling question. But Palmer did not develop anything. He included no affidavits with his petition and identifies no evidence outside the record that was before us on direct appeal. There is nothing here that might lead to a different outcome this time.

{¶15} Meanwhile, the existing trial-court record shows that the delay in this case was largely of Palmer's own making. The docket reflects defense-requested continuances, suppression litigation, and — most significantly — a competency proceeding that Palmer himself initiated and that remained unresolved until his competency was restored more than a year later.

{¶16} Time, according to R.C. 2945.72(B), is tolled while a defendant's competency is in question. *See also State v. Palmer*, 84 Ohio St.3d 103, 107 (1998). Time is likewise tolled

by the defendant's own motions, and it remains tolled for a reasonable period while the State responds and the court rules. R.C. 2945.72(E); *State v. Sanchez*, 2006-Ohio-4478, ¶ 26-27. The record is thick with such motions, many of them filed by Palmer himself while he was represented by counsel.

{¶17} As the Tenth District observed several years ago, where the record is replete with tolling events, a defendant who does not provide us with a clear explanation for why and when the speedy-trial clock was or was not running on any given day has "failed to demonstrate that a motion to dismiss based on a violation of his speedy trial rights had a reasonable probability of success." *Boddie*, 2011-Ohio-3309, at ¶ 11. Palmer has not shown that a speedy-trial motion had a reasonable probability of success, so the trial court rightly concluded that his lawyer was not ineffective for failing to file such a motion.

{¶18} For these reasons, the judgment of the Court of Common Pleas of Ashland County is affirmed. Costs are to be paid by Appellant Ahmed Palmer.

By: Gormley, J.;

Hoffman, P.J. and

Popham, J. concur.